UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ESTATE OF GEORGE WATTS, JR.,<br><br>    *Plaintiff*,<br><br>    v.<br><br>LLOYD J. AUSTIN III, Secretary of Defense,<br><br>    *Defendant*. | Civil Action No. 1:23-cv-01544 (CJN) |

## ORDER

Plaintiff, the estate of George Watts, Jr., brought this suit against the Secretary of the Department of Defense in his official capacity, alleging that Watts died due to myocarditis caused by a Covid-19 vaccine. Plaintiff claims that the government misrepresented the safety of the vaccines it approved, which induced Watts to take the vaccine and caused his death. The government moves to dismiss, asserting its immunity from suit.

Plaintiff responded to the motion dismiss by arguing that the Public Readiness and Emergency Preparedness Act is unconstitutional insofar as it provides immunity from suit because it (1) violates the Fifth Amendment's Due Process clause and (2) amounts to a taking of a plaintiff's cause of action. But Plaintiff misunderstands the source of the immunity asserted by the government. While the PREP Act provides immunity from suit under certain circumstances, *see* 42 U.S.C. § 247d-6d(a), the government does not invoke that provision here. Rather, the government asserts its general immunity from suit, which, independently of the PREP Act, "bar[s]

1

suits for money damages against officials in their official capacity absent a specific waiver by the government."[1]  *Clark v. Lib. of Congress*, 750 F.2d 89, 103 (D.C. Cir. 1984) (emphasis omitted).

The PREP Act, rather than waiving such immunity, explicitly preserves it.  *See* 42 U.S.C. § 247d-6d(f) ("Nothing in this section shall be construed … to waive sovereign immunity or limit any defense or protection available to the United States or its agencies, instrumentalities, officers, or employees.").  Plaintiff asks the Court to sever that provision of the PREP Act.  But even if the Court were to do so, it lacks the power to replace that provision with a specific waiver of sovereign immunity—without which Plaintiff's suit cannot proceed.

Accordingly, it is hereby **ORDERED** that the Motion to Dismiss, ECF 13, is **GRANTED**; and it is further **ORDERED** that the case is **DISMISSED** for lack of jurisdiction.

This is a final appealable order.

The Clerk is directed to terminate the case.

DATE:  September 24, 2024

CARL J. NICHOLS
United States District Judge

---

[1] To the extent Plaintiff asks this Court to declare sovereign immunity as a whole unconstitutional, "it is too late in the day, and certainly beyond the competence of this court, to take issue with a doctrine so well-established." *Stanko v. Oglala Sioux Tribe*, 916 F.3d 694, 697 (8th Cir. 2019) (quoting *Alltel Commc'ns., LLC v. DeJordy*, 675 F.3d 1100, 1106 (8th Cir. 2012)).