IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| ESTATE OF GEORGE WATTS, JR., <br>    488 Barnes Hill Road <br>    Lockwood, NY 14589 <br><br>                    *Plaintiff*, <br><br> v. <br><br><br><br><br><br><br><br><br> LLOYD J. AUSTIN III in his official <br> Capacity as Secretary of the <br> UNITED STATES DEPARTMENT <br> OF DEFENSE <br>    1000 Defense Pentagon <br>    Washington, DC 20301 <br><br>                   *Defendant*. | CASE NO.: 1:23-cv-01544 (CJN) <br><br> **PLAINTIFF'S MOTION AND MEMORANDUM TO VACATE THE COURT'S ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND ORDER DISMISSING CASE FOR LACK OF JURISDICTION** <br> **(FRCP Rule 60(b)(1)** <br><br> JUDGE: Hon. Carl J. Nichols |

      On September 24, 2024, this Court issued a "final appealable order" (ECF 17) granting Defendant's Motion to Dismiss **(**ECF 13), and dismissed the case for lack of jurisdiction. Plaintiff seeks relief due to judicial mistake under FRCP Rule 60(b)(1).

      This motion is brought since the ruling was made by a lone judge and not a three-judge panel as required by law.

The PREP Act affords "Exclusive Federal jurisdiction"[1] to this Court for, "Any action under subsection [42 U.S. Code § 247d–6d] (d) [complaints alleging willful misconduct]."

The PREP Act grants exclusive jurisdiction to three-judge panel considering motions to dismiss. 42 U.S. Code § 247d–6d (e)(5) provides:

> **Three-judge court**
> **Any action under subsection (d) shall be assigned initially to a panel of three judges.** Such panel shall have jurisdiction over such action for purposes of considering **motions to dismiss,** motions for summary judgment, and matters related thereto. If such panel has denied such motions, or if the time for filing such motions has expired, such panel shall refer the action to the chief judge for assignment for further proceedings, including any trial. Section 1253 of title 28 and paragraph (3) of subsection (b) of section 2284 of title 28 shall not apply to actions under subsection (d). (emphasis added)

The dismissal Order (ECF 17) was issued and signed by the Honorable Carl J. Nichols. The Order contained no other signatures and the docket only lists a single judge who lacked jurisdiction to issue the Order. Since his honor lacked authority to single handedly grant Defendant's Motion to Dismiss (ECF 13) and enter dismissal, the Order must be declared null, void, and without legal effect.

As such, Plaintiff seeks to have the case reopened and the Order vacated under Federal Rules of Civil Procedure §60(b) which provides:

> Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;

---

[1] 42 U.S. Code § 247d–6d

*Kemp v. United States*, 596 U.S. 528, 530 (2022) held:

> Federal Rule of Civil Procedure 60(b)(1) allows a party to seek relief from a final judgment based on, among other things, a "mistake." The question presented is whether the term "mistake" includes a judge's error of law. We conclude, based on the text, structure, and history of Rule 60(b), that a judge's errors of law are indeed "mistake[s]" under Rule 60(b)(1).

In this instance, Judge Nichols' error of law occurred when he mistakenly issued the dismissal Order as he lacked jurisdiction or authority which is exclusively granted to a three-judge panel.

Plaintiff hereby moves this court to vacate the dismissal, reopen the case, and convene a three-judge panel, with legal jurisdiction, to properly rule on Defendant's Motion to Dismiss as required by law.

Dated: September 27, 2024

Signed _____/s/_____
RAY L. FLORES II, Attorney at Law
Torrey Reserve North Court
11622 El Camino Real Suite 100
San Diego, CA 92130
California State Bar Number: 233643
D.C. District Court I.D. No.: CA00173
Phone: (858) 367-0397
Email: rayfloreslaw@gmail.com

PROOF OF SERVICE BY ECF

I hereby certify that on September 27, 2024, I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to Defendant's Counsel.


/s Ray L. Flores II