UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ESTATE OF GEORGE WATTS, JR., <br><br> Plaintiff, <br><br> v. <br><br> LLOYD J. AUSTIN III in his official capacity as Secretary of the United States Department of Defense, <br><br> Defendant. | Civil Action No. 1:23-cv-01544 (CJN) |

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION
FOR RELIEF UNDER RULE 60(B)(1)**

**INTRODUCTION**

Plaintiff, the Estate of George Watts, Jr., fails to establish any valid basis for the Court to revisit its Order, ECF No. 17, granting Defendant's Motion to Dismiss and dismissing Plaintiff's case under the Public Readiness and Emergency Preparedness Act ("PREP Act") for lack of jurisdiction. Plaintiff's sole argument is that this Court "mistakenly" failed to refer its case to a three-judge panel, as provided by the PREP Act. *See* 42 U.S.C. § 247d-6d(e)(5). This argument fails for two reasons.

*First*, this Court, in accordance with well-established principles of constitutional jurisdiction, properly considered as a threshold matter Defendant's argument that this Court lacked jurisdiction over Plaintiff's claim. And, in finding that no jurisdiction existed, this Court had good reason to dismiss the case without considering the underlying PREP Act claim.

*Second*, Plaintiff provides no explanation as to why it was justified in failing to file an "Application for Three-Judge Court," as it was required to do under Local Rule 9.1. Indeed, Plaintiff has been on notice of the three-judge panel provision in the PREP Act for over a year, yet took no action to request such a referral. Accordingly, this Court should deny Plaintiff's motion.

**LEGAL STANDARD**

A court may relieve a party "from a final judgment, order, or proceeding" where there has been a "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). "The party seeking relief under Rule 60(b) bears the burden of showing that they are entitled to the relief." *Jarvis v. Parker*, 13 F. Supp. 3d 74, 77 (D.D.C. 2014). Courts have discretion over whether to grant Rule 60(b) motions, but relief should be granted "sparingly" and "reserved for extraordinary circumstances." *People for the Ethical Treatment of Animals v. United States Dep't of Health &*

1

*Hum. Servs.*, 901 F.3d 343, 354-55 (D.C. Cir. 2018) (citations omitted). As such, "[r]elief under Rule 60(b)(1) motions is rare[.]" *Hall v. C.I.A.*, 437 F.3d 94, 99 (D.C. Cir. 2006).

## ARGUMENT

Because Plaintiff has offered no viable argument for the Court to revisit its order, the motion should be denied.

As an initial matter, it is not clear that the Court erred in dismissing Plaintiff's case without a panel referral, because the Court's holding relied solely on a threshold sovereign immunity finding. *See* ECF No. 17 at 102 (dismissing case based on Government's "general immunity from suit, which, independently of the PREP Act, bar[s] suits for money damages against officials in their official capacity absent a specific waiver by the government" (citation omitted)). The PREP Act provides that an action thereunder for willful misconduct shall be assigned to a three judge panel. *See* 42 U.S.C. § 247d-6d(e)(5), (d)(1). But before this Court could consider the PREP Act's statutory requirements, it was obligated to assure itself "that jurisdiction [was] established as a threshold matter," *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998) (recognizing such obligation "is inflexible and without exception" (citation omitted)). Having concluded that no jurisdiction existed, "the only function remaining to the court [was] that of announcing the fact and dismissing the cause." *Id.* at 94 *(quoting Ex parte McCardle*, 7 Wall. 506, 514 (1868)). Thus, the Court had good reason to dismiss without referral.

In any event, Plaintiff has not demonstrated that any purported error justifies the relief it seeks. While Plaintiff claims that this court committed an "error of law . . . when [it] mistakenly issued the dismissal Order," ECF No. 18 at 3, in fact, it was Plaintiff's burden to file an "Application for Three-Judge Court" with its complaint, L.R. 9.1. Plaintiff failed to make such an application, despite being placed on notice of the PREP Act's requirements regarding three-judge panels over a year ago by Defendant's own motion to dismiss. *See* ECF No. 13-1 at 3 n.1. Plaintiff

2

provides no explanation for its year's-long failure to comply with Local Rule 9.1 or request a panel, let alone make the requisite "show[ing] that he was justified in failing to avoid [its] mistake or inadvertence." *S.E.C. v. Bilzerian*, 729 F. Supp. 2d 9, 17-18 (D.D.C. 2010) (citing 11 C. Wright, A. Miller & M.K. Kane, *Federal Practice & Procedure* § 2858 (2d ed. 1995 & 2010 Update)); *Munoz v. Bd. of Trustees of Univ. of D.C.*, 730 F. Supp. 2d 62, 66 (D.D.C. 2010) (citation omitted). Nor could it. "Neither ignorance nor carelessness on the part of the litigant or his attorney provide grounds for relief under Rule 60(b)(1)." *S.E.C.*, 729 F. Supp. 2d at 18 (quoting *Kagan v. Caterpillar Tractor Co.,* 795 F.2d 601, 607 (7th Cir.1986)); *see also Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 357 (5th Cir. 1993) ("Gross carelessness, ignorance of the rules, or ignorance of the law are insufficient bases for 60(b)(1) relief.").

Nor is this a situation where the Court's discretionary exercise of relief would otherwise be warranted. Plaintiff can show no harm from the lack of a three-judge panel given the clear applicability of sovereign immunity—and thus lack of jurisdiction—in this case. *See* ECF No. 17 at 1-2 (concluding that the PREP Act "explicitly preserves" the government's "general immunity from suit"). And it would be profoundly inequitable to allow Plaintiff to use its error offensively to obtain a redo of its case by raising the issue only after the Court's grant of Defendant's motion to dismiss and after the Government has expended resources litigating such motion. *Cf. Baxley v. Wormuth*, No. 21-CV-2245 (TSC), 2024 WL 3443326, at *3 (D.D.C. July 15, 2024) ("relief is not appropriate merely because the moving party is unsatisfied with the court's decision." (quoting *Munoz*, 730 F. Supp. 2d at 66)).

## CONCLUSION

For the foregoing reasons, this Court should deny Plaintiff's motion.

Dated: September 27, 2024

3

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ALEXANDER K. HAAS
Director, Federal Programs Branch

LAUREN A. WETZLER
Deputy Branch Director

*/s/ Laura B. Bakst*
LAURA B. BAKST
   (D.C. Bar No. 1782054)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (202) 514-3183
Email: Laura.b.bakst@usdoj.gov

*Counsel for Defendant*