IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ESTATE OF GEORGE WATTS, JR., <br>    488 Barnes Hill Road <br>    Lockwood, NY 14589 <br><br>            *Plaintiff*, <br><br> v. <br><br><br><br> LLOYD J. AUSTIN III in his official <br> Capacity as Secretary of the <br> UNITED STATES DEPARTMENT <br> OF DEFENSE <br>    1000 Defense Pentagon <br>    Washington, DC 20301 <br><br>            *Defendant*. | CASE NO.: 1:23-cv-01544 (CJN) |

**PLAINTIFF'S REPLY BRIEF TO DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION FOR RELIEF UNDER RULE 60(b)(1)**

**I. Introduction**

Due to a complete lack of authority to dismiss the case, Plaintiff, in this reply, renews its request to vacate the Order to Dismiss and respectfully requests that the clerk be directed to reopen the case, and immediately assign a three-judge panel as was required from the outset.

**II. Argument**

**A. The Court shirked responsibility – His Honor exceeded authority**

    **1. The Court was required to assign a three-judge panel without prompting**

1

The PREP Act provides: "Any action under subsection [42 U.S. Code § 247d–6d ](d) shall be assigned initially to a panel of three judges."[1]

Defendant's opposition relies on local and civil procedural rules that are superseded by the PREP Act. Since the routine application process is inapplicable and the duty to immediately assign a three-judge panel lies solely with the Court, the PREP Act has redefined this standard procedural process – this is not business as usual.

### 2. His Honor exceeded authority to issue a pre-trial ruling on his own

The PREP Act also provides:[2]

> [The three-judge] panel shall have jurisdiction over a [willful misconduct] action for purposes of considering motions to dismiss, motions for summary judgment, and matters related thereto.

The PREP Act uniquely supersedes the autonomy normally afforded by 28 U.S. Code § 2284 since the PREP Act dictates that a Judge lacks jurisdiction to issue a pre-trial order to dismiss. 42 U.S. Code § 247d–6d (e)(5) provides:

> Paragraph (3) of subsection (b) of section 2284 of title 28 [A single judge may conduct all proceedings except the trial, and enter all orders permitted by the rules of civil procedure] **shall not apply** to actions under subsection (d) [willful misconduct]. (*emphasis added*)

When a three-judge panel is required, FRCP normally allows a single judge to conduct all proceedings up until trial – which is what was mistakenly believed and acted upon. But that autonomy is precisely what the PREP Act prohibits.

### 3. The PREP Act's requirement for a three-judge panel overrides traditional judicial assignment procedure

28 U.S. Code § 2284 affords discretion to a single assigned judge to determine whether or not a three-judge panel is necessary[3] after reviewing applications and memorandums. This

---

[1] 42 U.S. Code § 247d–6d (e)(5)

[2] Id.

requirement is invalidated as it conflicts with the Court's duty under the PREP Act to initially assign a three-judge panel to have exclusive jurisdiction to make all decisions, determinations and orders.

**The Court's Local Rules are displaced by the PREP Act**

FRCP Rule 83(a)(1) provides: "A local rule must be consistent with … federal statutes and rules." (*in pertinent part*). The Court's local rules regarding initial assignment of cases to a single judge (whether a three-judge panel or not) are inconsistent with applicable federal law under the PREP Act that forbids assignment to a single judge.

LCvR 40.1(a) requires that each civil case be assigned to a single judge. LCvR 40.3(b) does the same "… cases requested or required to be heard by a three-Judge Court shall be randomly assigned to a District Court judge." The PREP Act demands that a three-judge panel be initially assigned – federal law controls.

An application for a three-judge panel and a memorandum of points and authorities in support of the application upon which a single assigned judge may determine the validity of the request is inapplicable because the three-judge panel must be assigned by the Court *sua sponte* and is not subject to discretion. The PREP Act obviates the necessity of an application – rendering LCvR 9.1 completely irrelevant. Applying for a panel when the law requires three judges to be automatically assigned is as illogical and unnecessary as applying for the court to issue a case number. This procedure established by the Local Rules has been rendered irrelevant because of its conflict with the PREP Act.

**5. The Court's incorrect assignment to His Honor precipitated the error of law**

---

[3] 28 U.S. Code § 2284(b)(1)

These conflicts between the Court's established, routine procedure, and these untested requirements of the PREP Act make it easy to understand the source of the improper and invalid issuance of a one-judge ruling. Since the Court did not properly assign the case to a three-judge panel at the outset, His Honor understandably mistook the law to believe that he had the authority to single-handedly rule on Defendant's motion to dismiss. Nevertheless, this mistake is an error of law that is subject to relief under Rule 60(b)(1).

It is also understandable that the Court erred in not initially assigning this case to a three-judge panel as required by the PREP Act. Since this case is the first one filed in this Court alleging willful misconduct in the PREP Act's 19-year history, it is not surprising that the Court evidently relied on its Local Rules regarding the assignment of a three-judge panel; which has been superseded by the PREP Act's initial assignment requirement.

**7. Until His Honor's order for dismissal was issued, there was no reason to believe that the Court was not following the law and a panel was not reviewing the case**

Since the PREP Act requires that a panel must be initially assigned, Plaintiff reasonably believed that the Court was following procedure and a three-judge panel was somehow involved in the case and would issue its order.

**8. The balance tips in Plaintiff's favor**

*People for the Ethical Treatment of Animals v. United States HHS*, 901 F.3d 343, 354-355 (D.C. Cir. 2018) cited by Defendant opined that Rule 60(b) relief should be "reserved for extraordinary circumstances." That court also held: "In considering a Rule 60(b) motion, the district court "must strike a 'delicate balance between the sanctity of final judgments . . . and the incessant command of a court's conscience that justice be done in light of all the facts. '""

It is indeed extraordinary that the Court disobeyed the required procedure and a case was dismissed without jurisdictional authority. As such, "justice must be done in light of all the facts." Id.

### III. Conclusion

Whether the Court determines that the application process was followed or not is irrelevant since an individual judge does not have power, jurisdiction and authority to issue a dismissal in an action for willful misconduct under the PREP Act. Based on the foregoing, it is reasonable, if not imperative that the Court vacate the order dismissing the case.

Respectfully submitted,

Dated: September 28, 2024

Signed _____/s/_____
RAY L. FLORES II, Attorney at Law
Torrey Reserve North Court
11622 El Camino Real Suite 100
San Diego, CA 92130
California State Bar Number: 233643
D.C. District Court I.D. No.: CA00173
Phone: (858) 367-0397
Email: rayfloreslaw@gmail.com

PROOF OF SERVICE BY ECF

I hereby certify that on September 28, 2024, I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to Defendant's Counsel.

/s Ray L. Flores II